IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND C. ADAMS, )
)
    Plaintiff, )
)
v. ) Civil Action No. 14-697
)
)
COMMISSIONER OF )
SOCIAL SECURITY, )
)
    Defendant. )

O R D E R

AND NOW, this 29th day of September, 2015, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") erred because she did not properly evaluate the opinion evidence in making Plaintiff's residual functional capacity ("RFC") assessment, and that she therefore did not account for all of the limitations supported by the record in posing her hypothetical question to the Vocational Expert ("VE"). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as her ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention regarding the ALJ's evaluation of the opinion evidence and her decision not to give controlling weight to the opinions of disability rendered by Michael Crabtree, Ph.D. (a consultative examiner who later became Plaintiff's treating psychologist), an additional treating specialist at Cornerstone Care, and the state agency non-examining, reviewing psychologists. In fact, it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his] reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007).

The Court finds that substantial evidence supports the ALJ's evaluation of the opinions presented in this case. Moreover, throughout his decision, the ALJ clearly considered the relevant evidence in the record, provided discussion of the evidence to support her evaluation, and ultimately concluded that the opinions of the medical professionals were not fully supported by the evidence as a whole. (R. 20-23).

For example, the ALJ considered Dr. Crabtree's finding of a moderate limitation in carrying out detailed instructions and responding to work pressures, and marked limitations in making simple work-related decisions, interacting appropriately with the public, coworkers and supervisors, and responding to work pressures—along with the other evidence of record—and found such limitations to be not adequately supported by the record. (R. 20-21). She therefore afforded them only partial weight. (R. 20). With regard to a marked limitation in interacting with others and handling work pressure, the ALJ noted that, in contrast, at primary

care physician visits, Plaintiff reported no symptoms of anxiety, did not mention a severe social phobia or inability to handle stress, and actually reported that his symptoms were controlled with medication. (R. 21). Additionally, the fact that Dr. Crabtree's treatment notes make no mention of debilitating anxiety, or of any inability to handle the pressures of his janitorial job or his job caring for his mother, further rendered his opinion less persuasive to the ALJ. (R. 21). The ALJ also mentioned that Plaintiff testified at his hearing that he was "uncomfortable" in social situations, and noted that Plaintiff had not had any emergency room visits or hospitalizations for any mental issues, including anxiety. (R. 18, 20). Further, the ALJ took into consideration Plaintiff's overall work during the relevant period as a school janitor and his paid position taking care of his elderly mother. (R. 18, 21).

With regard to Dr. Crabtree's moderate limitation in carrying out detailed instructions, the ALJ cited various factors, all of which fail to support this limitation, including that Plaintiff is able to research enrolling in school and obtaining financial aid, he can complete tasks associated with the care of his mother, and he has no difficulty in performing any of his own activities of daily living. (R. 21). Moreover, the ALJ noted that, since Plaintiff's onset date, he had admittedly been able to shop, drive, go to appointments, work outside of the home, take care of his own personal needs, maintain checking and savings accounts, and read daily. (R. 20). Regardless, the ALJ found additionally that, even if Plaintiff were moderately limited in this area, the jobs the VE cited would still be available since they are unskilled positions that would accommodate such a limitation. (R. 21).

The ALJ also discussed the one-page opinion from a doctor at Cornerstone Care (whose signature is illegible), who stated that he was treating Plaintiff but did not provide any treatment notes, other objective evidence, or any rationale in support. (R. 21). The ALJ gave little weight to that opinion, because it was inconsistent with other records from Cornerstone Care. (R. 21). In fact, that opinion consists merely of a one-page form which required the physician only to circle one of three options for a series of questions, but contains no discussion, explanation or details to justify its statements. (R. 697). Notably, "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993).

The ALJ also considered the opinions of non-examining reviewing state agency consultants. The ALJ found however, that while some of the findings in those opinions are supported by the record, she could not agree with the limitation to simple, routine tasks since the evidence showed that Plaintiff had been, and continued to be, capable of completing various tasks associated with the paid care of his mother and his own extensive daily activities. (R. 21). The ALJ therefore only accorded those opinions partial weight. (R. 21). The ALJ further noted that, even if Plaintiff were limited to such work advocated by the consultants, the jobs cited by the VE would still be available as they are unskilled positions. (R. 21). Additionally, giving Plaintiff the benefit of the doubt, the ALJ found that a moderate limitation in concentration, persistence, and pace is more appropriate in Plaintiff's case, as opposed to the

mild findings of the state agency experts.  (R. 21).  The ALJ therefore accommodated that impairment with restrictions of no assembly line or fast paced production requirements, little if any changes in work routine or work setting, and little if any independent decision-making or goal-setting.  (R. 21).

Thus, regardless of the mixed nature of the evidence, the ALJ still included in Plaintiff's RFC several limitations stemming from mental impairments.  Therefore, upon review, the Court finds that the ALJ properly discharged her duty to address the opinions of Plaintiff's treating psychologists and consultants in the record.  The Court finds, further, that substantial evidence supports the ALJ's evaluation of the opinion evidence and her ultimate decision not to give it controlling weight in making his determinations.

Second, the Court finds no merit in Plaintiff's related argument, that the ALJ failed to account for all of the limitations supported by the record in her RFC and hypothetical question to the VE.  The hypothetical question to the VE must accurately portray the claimant's impairments, but such question need only reflect those impairments that are adequately supported by the record.  See Podedworney v. Harris, 745 F.2d 210, 218 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).  The Court finds that the ALJ's hypothetical question to the VE fully accommodated the limitations that were supported by the record, which were also properly included in the RFC. (R. 17, 60).  As discussed, supra, the ALJ accounted for the mental limitations supported by the record when she asked the VE to assume that "[w]ork must be performed in a low stress setting.  Job defined as requiring no assembly line; no fast paced production requirements; and little, if any, changes in work routine or work setting.  There should also be little, if any, independent decision making or goal setting.  No contact with the public.  No more than occasional interaction with co-workers and supervisors.  And once work is assigned it should be able to be performed without working in coordination with other employees."  (R. 60).  Considering these limitations, the VE testified that such an individual could perform jobs that exist in significant numbers in the national economy, including kitchen helper, industrial cleaner, and hospital cleaner.  (R. 23, 60-61).  Thus, the ALJ relied upon the response to an appropriate hypothetical question that included those limitations, properly portrayed in the RFC, that were supported by the record.

In sum, the Court finds that the ALJ thoroughly discussed her evaluation of—and the weight she afforded to—the opinions presented in this case.  After careful review of the record, the Court finds that there is substantial evidence to support the ALJ's reasons for not adopting the medical opinions which identify questionable limitations and indicate an inability to work.  The Court finds, further, that the ALJ properly accounted for all of the limitations supported by the record in formulating her hypothetical question to the VE.  Accordingly, the Court finds that substantial evidence supports the ALJ's decision.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 17) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED.

                                                                          s/Alan N. Bloch
                                                                         United States District Judge

ecf:    Counsel of record